UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MIGUEL ANGEL A. C., | Case No. 26-cv-144 (LMP/JFD) |
| Petitioner, | |
| v. | **ORDER** |
| TODD LYONS, *in his capacity as Acting Director, Immigration and Customs Enforcement*; KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*; PAMELA BONDI, *U.S. Attorney General*; DAREN MARGOLIN, *Director for Executive Office for Immigration Review*; and DAVID EASTERWOOD, *Field Office Director of St. Paul Field Office for U.S. Department of Homeland Security, United States Immigration and Customs Enforcement, Enforcement and Removal Operations*, | |
| Respondents. | |

Petitioner Miguel Angel A. C. is a native and citizen of Mexico who entered the United States in 2007. *See* ECF No. 1 at 5, 11. Miguel Angel A. C. was arrested by immigration officials on January 7, 2026, and remains in the custody of United States Immigration and Customs Enforcement. *See id.* at 5, 12. Miguel Angel A. C. alleges that he is being detained pursuant to 8 U.S.C. § 1225(b)(2), which mandates his detention. *See id.* at 2. Miguel Angel A. C. alleges that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) but instead is entitled to a bond hearing under 8 U.S.C. § 1226(a). *See id.* at 3.

This Court has concluded that noncitizens similarly situated to Miguel Angel A. C. are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) but instead are entitled to a bond hearing under 8 U.S.C. § 1226(a). *See Roberto M. F. v. Olson*, No. 25-cv-4456 (LMP/ECW), 2025 WL 3524455, at *4 (D. Minn. Dec. 9, 2025); *Victor Hugo D. P. v. Olson*, No. 25-cv-4593 (LMP/DTS), 2025 WL 3688074, at *2–3 (D. Minn. Dec. 19, 2025). Miguel Angel A. C. raises the same legal issues and largely requests the same relief granted in those cases—namely, an order requiring Respondents (the "Government") to conduct a bond hearing. *See* ECF No. 1 at 16.

This Court will not depart from its reasoning in *Roberto M. F.* and *Victor Hugo D. P.* Accordingly, **IT IS HEREBY ORDERED** that:

1. The Government is directed to file an answer to the Petition for a Writ of Habeas Corpus (ECF No. 1) on or before Thursday, January 15, 2026, certifying the true cause and proper duration of Miguel Angel A. C.'s confinement and showing cause why the writ should not issue in this case;

2. The Government's answer must include:

   a. Such affidavits and exhibits as are needed to establish the lawfulness and correct duration of Miguel Angel A. C.'s detention in light of the issues raised in his Petition;

   b. A reasoned memorandum of law and fact explaining the Government's legal position on Miguel Angel A. C.'s claims;

   c. The Government's recommendation on whether an evidentiary hearing should be conducted; and

    d.    A good-faith argument as to whether—and if so, why—this matter is *materially* distinguishable, either factually or legally, from *Roberto M. F.* or *Victor Hugo D. P.*;

3. If Miguel Angel A. C. intends to file a reply to the Government's answer, he must do so on or before Tuesday, January 20, 2026;[1]

4. No further submissions from either party will be permitted except as authorized by Court order;

5. The Government is **ORDERED** to provide notice to Miguel Angel A. C. and this Court of its intention to move Miguel Angel A. C. outside this District no less than 72 hours before any such movement is to be effectuated; and

6. The Government is **ORDERED** not to remove Miguel Angel A. C. from the United States during the pendency of these proceedings.

Dated: January 12, 2026  
Time: 2:13 p.m.

*s/Laura M. Provinzino*  
Laura M. Provinzino  
United States District Judge

---

[1] The Court reserves the right to grant Miguel Angel A. C.'s petition before Miguel Angel A. C. files his reply brief if the Government's response plainly demonstrates that Miguel Angel A. C. is entitled to relief.